**Opinion issued November 21, 2012**



In The

# Court of Appeals
### For The
# First District of Texas

———————————

## NO. 01-12-00937-CV

———————————

## DAVID BAILEY, Appellant

## V.

## TANISHA GOLDEN, Appellee

---

**On Appeal from the County Court at Law No. 4**
**Brazoria County, Texas**
**Trial Court Cause No. CI045715**

---

### MEMORANDUM OPINION

Appellant David Bailey attempts to appeal from the trial court's judgment signed April 12, 2012.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended

to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The record reflects that the trial court signed the judgment on April 12, 2012. The record shows that appellant did not file a motion for new trial or anything else that extended the deadline to file the notice of appeal. *See* TEX. R. APP. P. 26.1(a). Thus, the deadline to file the notice of appeal was May 12, 2012. Appellant filed his notice of appeal on September 19, 2012. Appellant's notice of appeal was untimely filed. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On October 24, 2012, we notified appellant that this appeal was subject to dismissal for want of jurisdiction unless, by November 5, 2012, he filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant responded, asserting that the trial court clerk failed to comply with Texas Rule of Civil Procedure 306a(3) and that he never received notice of the April 12, 2012 judgment from the trial court.

Failure of the trial court clerk to comply with Rule 306a will not affect the periods of time running from the signing of the judgment, unless a party follows the procedures of Rule 306a(4) to modify the periods within ninety days of the date the judgment is signed. *See* TEX. R. CIV. P. 306a(3). Appellant did not follow the procedures of Rule 306a(4) within ninety days of the date the judgment was signed. *See* TEX. R. CIV. P. 306a(4).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.